### In re KURSH.

No. 43582.

District Court, E. D. New York.

Oct. 15, 1943.

428

Henry W. Parker, of New York City, for objecting creditor.

William M. Silverman, of New York City (Herbert Friedman, of New York City, of counsel), for bankrupt.

MOSCOWITZ, District Judge.

The objecting creditor seeks to review the order of the Referee dated August 4, 1943, wherein the bankrupt was granted a discharge.

The objecting creditor filed three specifications of objections. Hearings were had on specifications of objections 1 and 2— these specifications were overruled. Specification of objection 3 was withdrawn. Specifications of objections 1 and 2 are as follows:

"1st. That the bankrupt obtained money on credit by making a materially false statement in writing respecting her financial condition in that on or about February 17, 1942 the bankrupt obtained a loan in the amount of $180.00 from this Objecting Creditor and in her written application for such loan stated that the total amount of her debts was $150.; that she was making instalment payments on loans to the Metropolitan Personal Loan Co. to whom was due a balance of $150. and that she had no legal claims of any kind whatsoever against her other than those listed in her application, and that her salary was $32.50 per week, which statements were false and were known by the bankrupt to be false, in that in truth and in fact she was then indebted to one William C. Hanlon, as shown in her schedules in bankruptcy on file herein and her salary was not $32.50 per week and such statements were relied upon by this Objecting Creditor in extending such credit to the bankrupt and were materially false.

"2nd. That the bankrupt obtained money on credit by making a materially false statement in writing respecting her financial condition in that on or about May 19, 1942, the bankrupt obtained a loan in the amount of $60. from this Objecting Creditor, and in her written application for such loan stated that her salary was $1500. per year and that the total amount of her debts was $160., which statements were false and were known by the bankrupt to be false and that her salary was not $1500. per year, and the total amount of her debts was substantially in excess of $160., and such statements were relied upon by this Objecting Creditor in extending such credit to the bankrupt and were materially false."

The bankrupt was adjudicated upon her voluntary petition on October 5, 1942, which showed debts aggregating $395. The Morris Plan Industrial Bank of New York, the objecting creditor, scheduled for $170 filed objections to the bankrupt's discharge.

There was received in evidence over the creditor's objection a judgment entered in the Municipal Court of the City of New York, Borough of Manhattan, First District, filed February 3, 1943, in which The Morris Plan Industrial Bank of New York, the objecting creditor herein, was plaintiff and Elizabeth Kursh, the bankrupt herein, was defendant. The action was for the following relief: "Action to recover damages for fraud based on written statements signed by the defendant wherein she indicated on a certain statement dated on or about 2/17/42 that she had no judgments, garnishments or other legal proceedings against her nor any debts except $150.00 and no instalment accounts except to Metropolitan Personal Loan Co. and on a certain other statement dated on or about 5/19/42 she indicated that she had no judgments, garnishments or other legal proceedings against her nor any debts except $160.00 and no instalment accounts except to the plaintiff for $12.00. Whereas such written statements were false and were known by the defendant to be false and were made by her to the plaintiff to deceive and induce it to grant her a loan on a statement dated on or about 2/17/42 in the amount of $180.00 and in connection with a statement dated on or about 5/19/42 to grant her a loan in the sum of $60.00 and plaintiff relied on said statements and granted said loans and thereby suffered damages in the amount set forth in this summons."

It will be noted that the action was brought to recover damages for alleged fraud and deceit. Upon the hearing on the application of the bankrupt's discharge this judgment was improperly received in evidence. The judgment was not res judicata on the objections to the bankrupt's discharge. The reason for this is quite apparent. Under the laws of the State of New York in an action of this character, namely fraud, where the plaintiff seeks damages, the plaintiff must prove the material allegations of his complaint by a fair preponderance of the credible evidence and is required to show that the defendant made the representation, that it was false and that he knew or should have known that it was false, that it was material, that it was relied upon by the plaintiff, and that the plaintiff was damaged thereby. In the first instance, under Section 14, sub. c, of the Bankruptcy Act, title 11 U.S.C.A. § 32, sub. c, an objecting creditor is not required to establish by a fair preponderance of the credible evidence his objections. All that is required is that the objector show reasonable grounds for believing that the bankrupt has committed the act charged and then the burden shifts to the bankrupt to prove that he has not committed the act so charged. This is expressly stated in Title 11 U.S.C.A. § 32, sub. c (7), in the following language: "That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision c, would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."

The Referee has overruled the objections and has specifically found that the bankrupt did not make a materially false statement as to her financial condition and that the bankrupt did not obtain money on credit by making a materially false statement.

Perhaps the Referee is fully justified in his determination of the issue and did not base the same in any wise upon the judgment rendered against The Morris Plan Industrial Bank of New York in the Municipal Court action. The Morris Plan Industrial Bank of New York v. Elizabeth Kursh, supra. However, this Court is unable to determine that fact; it must assume that the Referee, having received in evidence the judgment in the Municipal Court, considered the same. Had the Referee stated in his opinion that he attached no weight to the judgment, his determination on the facts granting the bankrupt's discharge would not have been disturbed. The Referee has not stated that he disregarded the judgment:

The matter will be referred back to the Referee, at which time further testimony may be adduced, if the parties so desire, and the objecting creditor may produce as a witness, if it so desires, the person who received the bankrupt's application. The Referee properly points out that the representative of the objecting creditor

never appeared before him to refute the bankrupt's testimony. The Referee should determine whether the statement was false also, if so, whether it was materially false.

Settle order on notice.